```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       ASHEVILLE DIVISION
                        1:06CV196-MU-02
```

```
DENNIS R. VAN DYKE,              )
    Plaintiff,                   )
                                 )
      v.                         )         ORDER
                                 )
BRUISE BURGER, Physician at      )
   FMC Butner Hospital;          )
ALLISON KUROSKI, Physician at    )
   FMC Butner Hospital;          )
JILL GRANT, Physician at FMC     )
   Butner Hospital; and          )
DENISE SIMMONS, Mental Health    )
   Unit Manager at FMC Butner    )
   Hospital,                     )
    Defendants.                  )
_____ )
```

**THIS MATTER** comes before the Court on initial review of plaintiff's form-Complaint under 42 U.S.C. §1983, filed June 21, 2006. For the reasons stated herein, the plaintiff's Complaint will be dismissed without prejudice.

According to the Complaint, the plaintiff is an inmate who currently is confined at FMC Butner in Butner, North Carolina. By his Complaint, this is the plaintiff's second attempt to challenge either the competency of certain medical providers who have cared for him and/or the adequacy of the medical care which he has received at FMC Butner. Once again, however, it is clear--just as it was in the plaintiff's other action filed under case number 1:06CV195--that this Court does not have the authority to

entertain the merits of the plaintiff's allegations.

Indeed, as the plaintiff was advised in that other case, venue in a civil action based upon a federal question, i.e., alleged violations of an inmate's civil rights, is proper in: 1) a judicial district where any defendant resides, if all defendants reside in the same State; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. §1391(b).

The instant Complaint lists all of the defendants' addresses as FMC Butner, in Butner, North Carolina. However, the Court already has taken judicial notice of the fact that Butner, North Carolina is situated within the Middle District of North Carolina. Moreover, just as with his prior Complaint, all of the matters about which the plaintiff now seeks relief allegedly took place at Butner, that is, within the Middle District of North Carolina.

In short, then, the face of the instant Complaint does not support a finding that the defendants reside in the Western District of North Carolina, but within the Middle District of North Carolina. Furthermore, all of the allegations against the

2

above-named defendants occurred in that District; therefore, this Court will not entertain the merits of the plaintiff's claims.

Most critically, just as in case number 1:06CV195, the undersigned finds that adherence to the usual policy of transferring improperly filed cases to the correct judicial district could result in the unnecessary waste of another Court's depleting resources on allegations which are frivolous if not delusional. Consequently, this Complaint will be <u>dismissed</u> without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's Complaint is **DISMISSED without prejudice** to his right to bring a proper action against the above-named defendants in the United States District Court for the Middle District of North Carolina.

**SO ORDERED.**

Signed: June 28, 2006

Graham C. Mullen
United States District Judge